## IN RE COINS' WILL.

FORTNER *v.* COINS, et al.

No. 41216        October 12, 1959        114 So. 2d 759

*Joe G. Moss,* Raymond, for appellant.

*James H. Adams,* Raymond, for appellees.

ARRINGTON, J.

This is a will contest. The appellant, contestee in the court below, filed a petition for the probate of the last will and testament of Daniel Coins, deceased. The said instrument was admitted to probate and letters testamentary were issued to Annie Louise Fortner, the sole beneficiary named in the will. Later, Moses Coins and his minor brother, Melvin, and his sister, Ruth Coins, filed their objections to the probate of the instrument, the objectors being the half brothers and half sister of the deceased, Daniel Coins. They contended that the instrument filed and probated was not the last will and testament of Daniel Coins, deceased, for the reason that the deceased did not have testamentary capacity and because of the undue influence exerted upon the deceased by the said Annie Louise Fortner. From a final decree of the Chancery Court of the Second Judicial District of Hinds County setting aside the purported will, Annie Louise Fortner, the contestee, appeals.

The record discloses that Daniel Coins was 68 years of age and unmarried; that on February 10, 1958, while visiting a neighbor, he suffered a stroke that paralyzed one side of his body; that he was moved to the home of Moses Coins, his half brother; and later, during the latter part of February, he was moved to the home of Robert and Annie Louise Fortner, the contestee and appellant here. The purported last will and testament of Daniel Coins was executed on March 22, 1958, naming Annie Louise Fortner as the sole beneficiary. He

died on March 28, 1958, six days after the execution of the will.

The appellant argues that the evidence was insufficient to support the chancellor's decree. Approximately twenty-five witnesses testified pro and con in this case, and their testimony was sharply conflicting throughout. The evidence shows that Daniel Coins, deceased, said many times he wanted his property to go to his two half brothers and his half sister. On the other hand, many testified that he wanted Annie Louise Fortner to have the property. The record also discloses that the deceased, while possessing sound mind and body, went to an attorney of his choice on February 1, 1958, and executed a will, which was left with the attorney and later picked up by the deceased. The evidence further shows that while he was sick and bedridden in the home of the Fortners, Annie Louise went to an attorney and had a will prepared naming her as his sole beneficiary. Later three neighbors and friends of the Fortners came to the Fortners' home and Annie Louise got the will, read it, and one of the three witnesses to the will, L. C. Turner, held the testator's hand in order to mark an "X". This witness testified that the testator's hand was "shaking enough to shake my hand." There was other testimony to show that Coins was weak in mind and body, which is evidenced by the fact that he lingered and passed away six days later.

The lower court in its opinion found that the testator lacked the mental capacity to make a will; that he was not of sound and disposing mind and memory and understanding at the time the will was executed; and further that the testator was subject to influence of a strong, healthy woman in her right senses, while he himself was bedridden in her home, depending upon her for the necessities of life, and she was in the room while he scratched out an "X" on the will; and that he was unduly influenced by Annie Louise Fortner, who

was his sole beneficiary under the will. Cf. Halford v. Hines, 223 Miss. 786, 79 So. 2d 264, where the facts as to the execution of the will were similar to the instant case.

In Halford v. Hines, supra, the Court held that the execution of a will under the circumstances shown was a question for the jury. The Court said: "What happened at the time of execution is not controlling. The status of undue influence, by its very nature, usually is the result of accumulating forces. Also, it often happens that it can be shown only by circumstantial evidence. Woodville v. Pizatti, 119 Miss. 442, 81 So. 127."

██ ██ In this case the chancellor was the trier of facts and his decree is supported by substantial evidence. It follows that the decree of the court below is affirmed.

Affirmed.

*McGehee, C. J.,* and *Lee, Kyle* and *Gillespie, JJ.,* concur.